UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        Plaintiff,

    v.                                       3:12-cv-123

JOHN J. SCHNEIDER,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       The United States of America moves for a default judgment in connection with the defendant's failure to repay student loans. The Complaint alleges that Defendant executed a promissory note to secure loans from the Department of Education and that he failed to repay the loans in full. These allegations, which are deemed admitted by Defendant's failure to respond, see Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup., Inc., v. E.L.U.L. Realty Group Corp., 973 F.2d 155, 158 (2d Cir. 1992), are sufficient to establish Defendant's liability.

       "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l Group Merch. Servs. v.

Ninna, Inc., 655 F. Supp.2d 177, 189 (E.D.N.Y. 2009); Greyhound Exhibitgroup, 973 F.2d at 158, 160.  Here, the materials submitted with the Complaint together with the affidavits in support of the motion for default are sufficient to establish damages on the promissory note because those amounts (principal owed on the notes and interest) are susceptible to mathematical computation.[1]

For the foregoing reasons, the motion for default judgment is GRANTED and Plaintiff is entitled to judgment as follows: $10,203.09 as of June 11, 2011, plus interest at the rate of 5.01% per annum through the date of judgment.

IT IS SO ORDERED.

Dated: April 17, 2012

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] Plaintiff withdrew the request for attorney fees.